IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROSENDO MARTINEZ SERVIN,

    Petitioner,                  No. CIV-S-05-1343 GEB KJM P

    vs.

RODERICK HICKMAN, et al.,        ORDER

    Respondents.             FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner argues that the evidence supporting his convictions for possession of methamphetamine and transportation of methamphetamine is constitutionally insufficient. Petitioner also claims he was denied effective assistance of counsel at trial because his trial attorney failed to call an expert witness who could have testified how much pure methamphetamine petitioner actually possessed. Respondents have filed a motion to dismiss arguing that petitioner has not exhausted state court remedies with respect to his claims.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971).

1

1  This fair presentation requirement is generally met where the petitioner has described to the state
2  court the operative facts and legal theory on which his federal habeas claim is based. <u>Picard</u>, 404
3  U.S. at 277 - 78.

4  Respondents concede that petitioner has raised the claims presented in this action
5  in the California Supreme Court. Mot. at 3:16-21. However, respondents argue that state court
6  remedies have not been exhausted because petitioner's California Supreme Court petition was
7  denied on procedural grounds. <u>Id</u>. at 3:16-22 (analyzing Supreme Court's citation to <u>In re</u>
8  <u>Duvall</u>, 9 Cal.4th 464, 474 (1975) and <u>In re Swain</u>, 34 Cal.2d 300, 304 (1949)). Specifically,
9  respondents assert the petition was denied because petitioner "failed to present his claims with
10 sufficient particularity." <u>Id</u>. According to respondents, petitioner could cure this alleged defect
11 and return to the California Supreme Court. <u>Id</u>. at 3:21-4:5.

12 Even assuming respondent is correct that petitioner's state court petition was
13 denied for failing to present his claims with sufficient particularity and that petitioner could
14 change the language of his claims and receive a ruling on the merits, petitioner should not be
15 required to return to state court. Petitioner has essentially filed the same petition in this court that
16 he filed in the California Supreme Court. <u>Cf</u>. Pet. (attached Mem. P. & A.) <u>with</u> Cal. Supreme
17 Court Pet. at 4-20 (Lodged Doc. No. 3). The California Supreme Court was made aware of the
18 constitutional claims brought in this action, the facts underlying those claims, and given a chance
19 to pass on the claims before petitioner's filing here. In terms of the actual language of the claims
20 presented to the California Supreme Court, petitioner included all that was required in order to
21 /////
22 /////
23 /////
24 /////
25 /////
26 /////

satisfy the federal courts' exhaustion requirement.  See Picard, 404 U.S. at 277-78.[1]

Furthermore, the claims submitted by petitioner to the California Supreme Court were particular enough to satisfy the fair presentation requirement.  Petitioner claimed that there was not sufficient evidence to find petitioner guilty of two drug related offenses beyond a reasonable doubt because petitioner did not exercise control over the drugs in question and, in any event, the quantify of drugs found was *de minimis*.  California Supreme Court Pet. at 4.  Petitioner also claimed his trial counsel rendered ineffective assistance of counsel in violation of the Sixth Amendment because she failed to call an expert who could have testified to the actual amount of methamphetamine allegedly possessed by petitioner and that such testimony would have resulted in petitioner being acquitted.  Id. at 14-15 & 18. These allegations were sufficient to put the state court on notice of petitioner's claims.  See Kim v. Villalobos, 799 F.2d 1317, 1320 (9th Cir. 1986) (habeas petitioner not required to return to California Supreme Court where, in previous California Supreme Court action, claims were stated with sufficient particularity for purposes of satisfying federal exhaustion requirement).

In light of the foregoing, the court will recommend that respondents' motion to dismiss be denied.

Petitioner also seeks the appointment of counsel.  Opp'n at 5.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R.

---

[1] Regarding the California Supreme Court's citation to Swain and Duvall, the Ninth Circuit has interpreted such a citation to mean that a defendant has failed to exhaust state remedies, because the defendant is being given an opportunity to amend his pleadings to "allege with sufficient particularity the facts warranting habeas relief."  King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003).  Here, the state Supreme Court has not specified which claims were denied for failure to allege the grounds for relief with sufficient particularity or which were barred because they could have been, but were not, raised on direct appeal.  This ambiguous order does not provide the proper foundation for the procedural bar that respondent asks this court to apply. Calderon v. U.S. Dist. Court for Eastern Dist. of California, 96 F.3d 1126, 1131 (9th Cir. 1996).

1  Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice
2  would be served by the appointment of counsel at the present time.
3       Finally, the court notes that respondents have indicated that Roderick Hickman
4  should be substituted as a respondent in this action for Jeanne Woodford.  Mot. at 1 n.1.
5  Petitioner does not object.  Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, the
6  court will order that Hickman be substituted for Woodford.
7       In accordance with the above, IT IS HEREBY ORDERED that:
8       1. Petitioner's request for the appointment of counsel is denied; and
9       2. Roderick Hickman is substituted for Jeanne Woodford as a respondent.
10      IT IS HEREBY RECOMMENDED that:
11      1. Respondents February 24, 2006 motion to dismiss be denied; and
12      2.  Respondents be ordered to file their answer to petitioner's application for writ
13 of habeas corpus within sixty days of any order adopting the above findings and
14 recommendations.
15      These findings and recommendations are submitted to the United States District
16 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
17 days after being served with these findings and recommendations, any party may file written
18 objections with the court and serve a copy on all parties.  Such a document should be captioned
19 /////
20 /////
21 /////
22 /////
23 /////
24 /////
25 /////
26 /////

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within ten days after service of the objections.  The parties are advised
3  that failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED: May 26, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

12  1
   serv1343.157