1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA,

10   ROSENDO MARTINEZ SERVIN,

11            Petitioner,                    No. CIV-S-05-1343 KJM P

12       vs.

13   RODERICK HICKMAN, et al.,

14            Respondents.              ORDER

15   _____/

16            Petitioner is a California prisoner proceeding with an application for a writ of

17   habeas corpus under 28 U.S.C. § 2254.  In 2002, petitioner was convicted for committing the

18   following offenses in Shasta County: 1) possession of methamphetamine for sale; 2) possession

19   of methamphetamine while armed with a loaded firearm; 3) possession of a concealed firearm in

20   a vehicle by a convicted felon; 4) possession of a firearm by a convicted felon; 5) giving false

21   identification to a peace officer; 5) possession of methamphetamine; 6) transportation of

22   methamphetamine; and 7) possession of an opium pipe.  CT 250-259.  Petitioner is serving a

23   sentence of sixteen years in the California Department of Corrections and Rehabilitation

24   (CDCR).  CT 203.  He presents two grounds for relief, each one challenging his convictions for

25   possession and transportation of methamphetamine.

26   /////

1

1  I.  Standard of Review

2          An application for a writ of habeas corpus by a person in custody under a

3  judgment of a state court can be granted only for violations of the Constitution or laws of the

4  United States.  28 U.S.C. § 2254(a).  Federal habeas corpus relief also is not available for any

5  claim decided on the merits in state court proceedings unless the state court's adjudication of the

6  claim:

7          (1) resulted in a decision that was contrary to, or involved an
          unreasonable application of, clearly established federal law, as
8          determined by the Supreme Court of the United States; or

9          (2) resulted in a decision that was based on an unreasonable
          determination of the facts in light of the evidence presented in the
10         State court proceeding.

11  28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA").  See Ramirez v. Castro,

12  365 F.3d 755, 773-75 (9th Cir. 2004) (Ninth Circuit affirmed lower court's grant of habeas relief

13  under 28 U.S.C. § 2254 after determining that petitioner was in custody in violation of his Eighth

14  Amendment rights and that § 2254(d) does not preclude relief); see also Lockyer v. Andrade, 538

15  U.S. 63, 70-71 (2003) (Supreme Court found relief precluded under § 2254(d) and therefore did

16  not address the merits of petitioner's Eighth Amendment claim).[1]  Courts are not required to

17  address the merits of a particular claim, but may simply deny a habeas application on the ground

18  that relief is precluded by 28 U.S.C. § 2254(d).  Lockyer, 538 U.S. at 71 (overruling Van Tran v.

19  Lindsey, 212 F.3d 1143, 1154-55 (9th Cir. 2000) in which the Ninth Circuit required district

20  courts to review state court decisions for error before determining whether relief is precluded by

21  /////

22

23     [1]  In Bell v. Jarvis, 236 F.3d 149, 162 (4th Cir. 2000), the Fourth Circuit Court of Appeals
    held in a § 2254 action that "any independent opinions we offer on the merits of constitutional
    claims will have no determinative effect in the case before us . . .  At best, it is constitutional
24  dicta."  However, to the extent Bell stands for the proposition that a § 2254 petitioner may obtain
    relief simply by showing that § 2254(d) does not preclude his claim, this court disagrees.  Title
25  28 U.S.C. § 2254(a) still requires that a habeas petitioner show that he is in custody in violation
    of the Constitution before he or she may obtain habeas relief.  See Lockyer, 538 U.S. at 70-71;
26  Ramirez, 365 F.3d at 773-75.

1 § 2254(d)).  It is the habeas petitioner's burden to show he is not precluded from obtaining relief

2 by § 2254(d).  See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

3           The "contrary to" and "unreasonable application" clauses of § 2254(d)(1)  are

4 different.  As the Supreme Court has explained:

5                A federal habeas court may issue the writ under the "contrary to"
               clause if the state court applies a rule different from the governing

6                law set forth in our cases, or if it decides a case differently than we
               have done on a set of materially indistinguishable facts.  The court

7                may grant relief under the "unreasonable application" clause if the
               state court correctly identifies the governing legal principle from

8                our decisions but unreasonably applies it to the facts of the
               particular case.  The focus of the latter inquiry is on whether the

9                state court's application of clearly established federal law is
               objectively unreasonable, and we stressed in Williams [v. Taylor,

10                529 U.S. 362 (2000)] that an unreasonable application is different
               from an incorrect one.

11

12 Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court does not apply a rule different from the

13 law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply

14 fails to cite or fails to indicate an awareness of federal law.  Early v. Packer, 537 U.S. 3, 8

15 (2002).

16           The court will look to the last reasoned state court decision in determining

17 whether the law applied to a particular claim by the state courts was contrary to the law set forth

18 in the cases of the United States Supreme Court or whether an unreasonable application of such

19 law has occurred.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002), cert. dismissed, 538 U.S.

20 919 (2003).  Where, as in this case, the state court fails to give any reasoning whatsoever in

21 support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has

22 held that this court must perform an independent review of the record to ascertain whether the

23 state court decision was objectively unreasonable.  Himes v. Thompson, 336 F.3d 848, 853 (9th

24 Cir. 2003).  In other words, the court assumes the state court applied the correct law, and

25 analyzes whether the decision of the state court was based on an objectively unreasonable

26 application of that law.

1        It is appropriate to look to lower federal court decisions to determine what law has

2   been "clearly established" by the Supreme Court and the reasonableness of a particular

3   application of that law.  See Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999).

4   II.  Factual Background

5        On direct appeal, the California Court of Appeal summarized the evidence

6   presented at petitioner's trial with respect to his convictions for transportation and possession of

7   methamphetamine as follows:

8           On January 17, 2002, Shasta County Deputy Sheriff Steven Berg
            stopped a vehicle, in which defendant was the passenger, for
9           expired registration tags.  A consensual search of defendant
            revealed over $4,000 in cash, a pager and a notebook, and a glass
10          smoking pipe in defendant's shoe.  The pipe contained a small
            amount of powder.  Beneath the front passenger seat was a leather
11          pouch containing a digital scale, which also had some powder on
            it.  A Department of Justice criminalist testified the combined
12          weight of the powder taken from the pipe and the scale was .02
            gram and contained methamphetamine.
13
            It was Deputy Berg's opinion–based upon his academy training,
14          two refresher courses in narcotics, a class in recognition of persons
            under the influence of drugs, and the making of hundreds of arrests
15          while working in the field–that the substance taken from the pipe,
            which constituted most of the .02 gram tested, was a usable
16          amount.  According to Berg, the substance taken from the scale
            was "marginally enough for use," and when the two amounts were
17          combined there "certainly was enough for personal use."

18          Robert Modin, an agent with the Shasta Interagency Narcotic Task
            Force who had taken many courses regarding narcotics and their
19          use and had been involved in narcotics field work, opined that .02
            gram of a substance containing methamphetamine was a usable
20          amount.

21   Pet., Ex. A at 2-3.

22   III.  Analysis of Claims

23      A.  Insufficiency of the Evidence

24        Petitioner's first claim is that the evidence supporting his convictions for

25   possession and transportation of methamphetamine is not constitutionally sufficient.  Pet. at 4,

26

1   10-14.[2]  A petitioner seeking a federal writ of habeas corpus faces a heavy burden when

2   challenging the sufficiency of the evidence used to convict.  In <u>Jackson v. Virginia</u>, 443 U.S. 307,

3   319 (1979), the Supreme Court held "the relevant question is whether, after viewing the evidence

4   in the light most favorable to the prosecution, *any* rational trier of fact could have found the

5   essential elements of the crime beyond a reasonable doubt."  (Emphasis in original.)

6          Petitioner asserts the evidence presented was insufficient to establish that the scale

7   found under his car seat was in his possession.  Under California law, a person possesses a

8   controlled substance if he or she exercises control over it or had the right to control it.  CT 171

9   (CALJIC 12.00).  In light of the evidence presented at trial, including the arresting officer's

10  testimony regarding items found on petitioner at the time of his arrest and the fact that the scale

11  was found within arms' reach of petitioner, RT 217:4-218:2, 223:9-18, 231:25-232:15, a rational

12  trier or fact could have found that petitioner had control over the scale.

13          Petitioner also asserts that the evidence was insufficient to establish that he

14  transported or possessed methamphetamine because the amount of methamphetamine found in

15  the pipe and on the scale was insignificant.  On direct appeal, the California Court of Appeal

16  commented as follows with respect to this claim:

17          In claiming insufficiency of the evidence, defendant faces the
            insurmountable hurdle in this case that two highly experienced
18          officers testified the .02 gram of powder containing
            methamphetamine that defendant possessed was a usable amount.
19          There was no testimony whatsoever that this amount was a useless
            residue.

20

21  Pet., Ex A at 4.

22          Petitioner fails to point to anything suggesting jurors should have found that the

23  amount of methamphetamine found was not usable, except to argue his view that the amount was

24  "de minimis."  The state appellate court's characterization of the record regarding the amount of

25  _____

26      [2]  Page references are to those assigned by CM/ECF.

1   controlled substance is correct.  RT 226:9-20, 228:22-229:15, 233:13-23 (Berg); RT 270:26-

2   271:2 (Modin).  On this record, the court cannot find that a rational juror could not have found

3   petitioner guilty of transportation and possession of methamphetamine.

4            B.   Ineffective Assistance of Counsel

5            Petitioner's second claim is that he was denied the effective assistance of counsel

6   guaranteed by the Sixth Amendment because his trial counsel failed to present an expert witness

7   who could testify what amount of methamphetamine found in the opium pipe and on the scale

8   under his car seat was "pure methamphetamine."  Pet. at 4, 15-17.  Petitioner's claim is

9   speculative because he fails to indicate how a defense expert would have testified if called by

10  petitioner's trial counsel.  He cannot bear his burden of showing ineffective assistance of counsel

11  by presenting "mere conclusory statements," United States v. Schaflander, 743 F.2d 714, 721

12  (9th Cir. 1984), but rather must tender affidavits from any witnesses counsel neglected to

13  interview or call, showing the "helpful testimony for the defense" they could have presented.

14  Dows v. Wood, 211 F.3d 480, 486 (9th Cir. 2000); Bragg v. Galaza, 242 F.3d 1082, 1088 (9th

15  Cir. 2001).  Because petitioner does not show he was prejudiced in any way by the action or

16  inaction of trial counsel, his ineffective assistance claim must be rejected.  See Strickland v.

17  Washington, 466 U.S. 668, 693 (1984).

18           Accordingly, IT IS HEREBY ORDERED that:

19           1.  Petitioner's application for a writ of habeas corpus is denied;

20           2.  This case is closed; and

21           3.  The Clerk of the Court is directed to enter judgment.

22  DATED:  September 5, 2008.

23

24  _____

25                                      U.S. MAGISTRATE JUDGE

26  1
    serv1343.157

6